**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Daniel Norzagaray TADDY, aka;
Daniel Taddey Defendant—
Appellant.**

No. 03–10022.
D.C. No. CR–01–01754–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 20, 2003.*

Decided July 30, 2003.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

MEMORANDUM **

Daniel Norzagaray Taddey ("Taddey") appeals his sentence for conspiracy to possess with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (d)(1)(D) and 846, and possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (d)(1)(D). On appeal, Taddey argues that the district court erred in: 1) imposing a two-level obstruction of justice adjustment; and 2) refusing to grant a downward sentencing departure for his imperfect affirmative defense of governmental authority. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  Obstruction of Justice

The district court imposed the obstruction of justice adjustment because Taddey failed to return on time after an authorized leave from his residential treatment center. *Cf.* U.S.S.G. § 3C1.1, application note 4(e) (stating that "escaping or attempting to escape from custody before trial or sentencing" is an example of the type of conduct to which the adjustment applies). We review a district court's finding that a defendant's conduct constitutes obstruction of justice de novo. *United States v. Draper*, 996 F.2d 982, 984 (9th Cir.1993).

On appeal, Taddey argues that, because he did not miss any court appearances during his unauthorized absence and he did not commit any new offenses, there is no indication that he intended to obstruct justice. However, neither an actual delay of judicial proceedings nor the commission of a new offense is required to support an obstruction of justice adjustment when a defendant absconds from pretrial custody. *See id.* at 986. Further, because Taddey made a conscious decision to violate the terms of his release by delaying his return, he willfully engaged in conduct that had the potential to obstruct or impede justice. *See id.* at 986 n. 4 (absconding from pretrial release has the potential to obstruct or impede the administration of justice, such as by creating additional work for the Pretrial Services office, the district court, and the police).

■ Taddey also argues that, since he had been permitted to leave the center for three nights, he did not "escape.. from custody." However, all that is required to constitute "custody" is "some degree of official control over a defendant such that a subsequent evasion amounts to more than mere avoiding or fleeing from arrest." *Id.* at 985–86 (internal quotation marks omitted). Because Taddey was not discharged from the center and was required to return by May 27, 2002, he was still under official control during his authorized leave and his failure to return as scheduled was an escape from custody. The district court did not err in imposing the obstruction of justice adjustment.

## II.  Downward Departure

■ The district court denied Taddey's request for a downward departure based on his imperfect affirmative defense of governmental authority. A district court's discretionary refusal to depart from the Guidelines is not reviewable on appeal. *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002), *cert. denied*, 527 U.S. 1144, 123 S.Ct. 948, 154 L.Ed.2d 844 (2003). However, we will review the court's decision de novo if the record indicates that the court believed it did not have the discretion to depart. *Id.*

Fed. R.App. P. 34(a)(2).

On appeal, Taddey argues that the district court erroneously believed that it did not have the authority to depart in the absence of a complete defense. There is nothing in the record that indicates that the district court believed it lacked the authority to grant a downward departure for an imperfect governmental authority defense. The district court's discretionary refusal to depart is, therefore, not reviewable.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

